IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRI N. BEAULIEU, SR. *et al.*,       )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )   CASE NO. 2:08-cv-432-MEF
                                        )
ALABAMA ONSITE WASTEWATER               )   (WO)
BOARD, *et al.*,                        )
                                        )
        Defendants.                     )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This action is presently before the Court on Defendants Alabama Department of
Public Health, Donald Williamson, and William Allinder's Motion to Dismiss (Doc. #9)
and a Motion to Dismiss (Doc. #14) filed by Defendants Alabama Onsite Wastewater
Board, Carolyn Gibson, and Melissa Hines.  Both these motions seek dismissal on
grounds of failure to state a claim, abstention, and other grounds.  Plaintiffs' Complaint
(Doc. #1) filed on June 5, 2008, seeks declaratory and injunctive relief for alleged
violations of constitutional rights pursuant to 42 U.S.C § 1983, resulting in deprivation of
a property interest.  After careful review of the submissions made by the parties, the Court
finds that the motions to dismiss are due to be GRANTED.

### II. JURISDICTION AND VENUE

The parties have not disputed that this Court has subject matter jurisdiction over
this case which asserts claims pursuant to 42 U.S.C. § 1983.  *See* U.S.C. § 1331.

Additionally, Defendants have not argued that the Court does not have personal jurisdiction over each of them.  There is no dispute over whether venue is appropriate.

## III. RULE 12(B)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544.  While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id.* It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted).  In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*,

480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640

(2004) (where a court is considering dismissal of a complaint at the pleading stage, it

must assume the allegations of the complaint are true).

## IV. FACTUAL BACKGROUND[1]

Plaintiffs Henri Beaulieu, Sr. ("Beaulieu Sr.") and Henri Beaulieu, Jr. ("Beaulieu

Jr.") (collectively "Plaintiffs") sued Alabama Onsite Water Board ("AOWB"), Carolyn

Gibson, AOWB Chairperson, Melissa Hines, AOWB Executive Director, Alabama

Department of Public Health ("ADPH"), Donald Williamson, ADPH State Health

Officer, and William Allinder, ADPH Environmental Director, (collectively

"Defendants") for violations of their constitutional rights pursuant to 42 U.S.C. §1983

("section 1983").

Beaulieu Sr. owns property in Chilton County, AL. He intends to build cottages

on his property to supplement his retirement income with rental income. Accordingly, he

would like to install onsite wastewater systems for the cottages himself. His son,

Beaulieu Jr., would like to help him with the installations free-of-charge.

AOWB establishes the licensing qualifications of individuals who install onsite

wastewater systems. *See* Ala. Code § 34-21A-1 (1975). AOWB also determines whether

an individual is appropriately licensed or exempted from its requirements. *See* Ala. Code

§ 34-21A-7(1). Thus, AOWB only permits appropriately licensed individuals to install

---

[1]Due to the procedural posture of this case, the facts set forth herein are taken from the allegations of the Complaint.

wastewater systems.  An Alabama statutory provision exempts property owners from

AOWB's licensing requirements when installing onsite wastewater systems on their

property "for their own occupancy or use".[2]  Ala. Code § 34-21A-10 (hereinafter "section

34-21A-10").  AOWB told Beaulieu Sr. that section 34-21A-10 did not apply to him

because the exemption only applied when property owners installed wastewater systems

on their *primary residence*.  Plaintiffs interpret section 34-21A-10's exemption from

AOWB licensing requirements as applying whenever property owners install wastewater

systems for *any use* on their own property.  AOWB also informed Beaulieu Sr. that he

would be subject to arrest if he, as an unlicensed individual, installed the wastewater

systems himself on his property.

ADPH is a state agency who issues an "Approval for Use"for onsite wastewater

systems installed by AOWB licensed individuals.  Ala. Admin. Code r. 420-3-1-.95

(2007).  ADPH told Beaulieu Sr. that it would not inspect his property and issue an

"Approval for Use" if he installed wastewater systems on his property himself because

AOWB did not deem him an appropriately licensed individual.  As a result of AOWB and

---

[2]Ala. Code § 34-21A-10 reads in its entirety:

"The licensing requirements of this chapter shall not apply to owners of property
acting as their own contractors for the purpose of installing, cleaning, servicing, or
maintaining an onsite wastewater system on their own property with a one-family
or two-family residence *used for their own occupancy or use* so long as the
owners of said property with an onsite wastewater system do not hire or
compensate anyone to supervise or perform any part of the installation, cleaning,
servicing, or maintenance of the onsite wastewater system or equipment located
on their property."  *Id.* (emphasis added).

4

ADPH's decisions, Beaulieu Sr. has not built onsite wastewater systems on his property.

## V. DISCUSSION

### A. Failure to State a Claim

Defendants argue that Plaintiffs' Complaint fails to state a claim upon which relief can be granted and seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs assert that they have stated claims for relief under section 1983 and seek a denial of Defendants' motions. The Court addresses Plaintiffs' claims as alleged in the Complaint and finds that the claims fail to state a claim upon which relief may be granted.

#### 1. Section 1983 Claims

Section 1983 provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.*, 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (stating that "section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted). Pursuant to section 1983, Plaintiffs' claims for relief allege that Defendants' interpretation of section 34-21A-10 violated their due process rights secured

by the Fifth[3] and Fourteenth[4] Amendments to the United States Constitution.  Plaintiffs allege that Defendants have deprived them of their due process rights because section 34-21A-10 created a "legitimate claim of entitlement and expectancy of benefit" that Defendants subsequently denied them.  (Doc. #16 pg. 7.)  According to Plaintiffs' interpretation of the provision, section 24-21A-10 gave Beaulieu Sr. a "right to use his property for his own profit."  *Id.*

To state a claim for relief under section 1983, Plaintiffs must allege that Defendants, acting under color of state law, deprived them of a right secured by the due process clauses.  *See, e.g., Am. Mfgs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  In this case, there is no dispute that Defendants acted under color of state law.  Thus, the issue before this Court is whether Defendants' refusal to allow Plaintiffs to install wastewater systems on their property themselves, as unlicensed individuals, deprived Plaintiffs of a federally protected due process right.  The Court addresses this issue.

### a. Substantive Due Process

In the Complaint, Plaintiffs allege a violation of the due process clauses in the Fourteenth and Fifth Amendments of the U.S. Constitution ("due process clauses"). The due process clauses prohibit any government action that deprives a person of property

---

[3]The Fifth Amendment commands the federal government that "No person shall be ... deprived of life, liberty, or property, without due process of law..."  U.S. Const. amend. V.

[4]The Fourteenth Amendment provides, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law. " U.S. Const. amend. XIV.

without due process of law.  *See* U.S. Const. amends. V & XIV.  The Court recognizes that the due process clauses provide two types of constitutional protections: procedural due process and substantive due process.  "A violation of either ... may form the basis for a suit under section 1983."  *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). Plaintiffs do not clarify whether their claims are substantive or procedural due process claims and often confuse the concepts.  For example, Plaintiffs argue that section 34-21A-10 is "not narrowly tailored, has no rational basis, and serves no state interest compelling or otherwise," which suggests Plaintiffs allege a violation of their substantive due process rights.  (Doc. #1 pg. 4.)  Plaintiffs also cite United States Supreme Court procedural due process cases in their briefs.  *See* Doc. # 16, pg. 8 (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1974); *Morrisey v. Brewer*, 408 U.S. 471 (1972); *Goldberg v. Kelly*, 397 U.S. 254 (1970)).  Accordingly, this Court will first analyze Plaintiffs' claims as substantive procedural due process claims.  It will then consider whether Plaintiffs' Complaint states a procedural due process claim.

In substantive due process cases, a court must first identify the right at issue and then apply the appropriate level of scrutiny.  If the statute does not implicate a fundamental right or target a suspect class, then courts must apply rational basis scrutiny. *Romer v. Evans*, 517 U.S. 620 (1996) ("[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the [law] so long as it bears a rational relation to some legitimate end."); *see, e.g., Joel v. City of Orlando*, 232 F.3d 1353 (11th Cir. 2000)

(applying rational basis scrutiny to a city ordinance prohibiting "camping" on public property). A statute is constitutional under rational basis scrutiny so long as "there is any reasonably conceivable state of facts that could provide a rational basis for the [statute]." *FCC v. Beach Comm'ns, Inc.*, 508 U.S. 307, 313 (1993).

Here, Plaintiffs challenge the validity of section 34-21A-10 "as-applied" to them because they seek to vindicate their own rights. *Da Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007). Plaintiffs allege section 34-21A-10 deprives Beaulieu Sr. of "the legitimate use of his property" because he cannot install wastewater systems on his property himself. (Doc. #1, pg. 18). Because there is no fundamental right to install a wastewater system on one's property free from licensing requirements, the Court applies rational basis scrutiny to challenge the constitutionality of section 34-21A-10. Defendants argue that the State of Alabama maintains a human and environment health interest in the regulation of properly installed wastewater systems. The Court agrees that section 34-21A-10 bears a rational relation to promoting human and environment health in the State of Alabama. Because section 34-21A-10 is constitutional as applied to Plaintiffs, the Court finds that Plaintiffs' claims do not state a substantive due process violation.

### b. Procedural Due Process

In procedural due process cases, a court must first ask whether the claim involves an interest protected by the due process clauses. *See Conn. Dep't of Public Safety v. Doe*,

538 U.S. 1, 8 (2003); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 57 (1999);

*Coleman v. Director, OWCP*, 345 F.3d 861 (11th Cir. 2003).  In this Circuit, a section

1983 claim alleging a denial of procedural due process requires proof of three elements:

(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state

action; and (3) constitutionally-inadequate process.  *Cryder v. Oxendine*, 24 F.3d 175, 177

(11th Cir. 1994).  Therefore, this Court must first determine whether Plaintiffs' claims

involve an interest protected by the due process clauses.

⎯⎯⎯⎯The United States Supreme Court has developed an approach to procedural due

process cases that affords different levels of protection to government legislative actions

and government adjudicative actions.  *See Londoner v. City & County of Denver*, 210

U.S. 373 (1908); *Bi-Metallic Investment Co. v. State Bd. of Equalization*, 239 U.S. 441

(1915).  An action is legislative when a governmental body enacts a law of general

applicability in its legislative capacity.  *Bi-Metallic*, 239 U.S. at 446 (viewing a State

Board of Equalization order which required an "across-the-board" increase in assessed

value of taxable property and applied equally to all landowners in Denver as a legislative

act).  A government action is adjudicative when a law is not generally applicable; for

example, when a city council makes determinations based on individualized grounds.

*Londoner*, 210 U.S. at 380.

Under the Supreme Court's due process approach, property owners are not

generally entitled to procedural due process if the government action is legislative

because the legislative process provided the property owners with sufficient due process protection. *75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1294 (11th Cir. 2003) (noting that "[w]hen the legislature passes a law which affects a general class of persons, those persons have all received procedural due process-the legislative process") (quoting Ronald E. Rotunda & John E. Nowak, Treatise on Constitutional Law § 17.8 (3d ed.1999)).  In contrast, if government conduct is adjudicative in nature, property owners may be entitled to procedural due process beyond that which already has been given. *Id.* at 1294.

The Eleventh Circuit has acknowledged the distinction between legislative and adjudicative action and has applied this principle in procedural due process cases. *See, e.g.*, *75 Acres, LLC*, 338 F.3d at 1294; *Peterman v. Coleman*, 764 F.2d 1416, 1419 (11th Cir. 1985); *Couf v. DeBlaker*, 652 F.2d 585, 590 (5th Cir. 1981); *South Gwinnett Venture v. Pruitt*, 491 F.2d 5, 7 (5th Cir. 1974) (en banc).[5]  In *75 Acres, LLC*, a real estate developer brought a section 1983 action against Miami-Dade county, alleging that a county code provision requiring the county manager to impose a building moratorium on certain parcels of real property violated the due process clause. *Id.* at 1290.  The Circuit held that the imposition of moratorium did not implicate due process protections because it was a legislative act. *Id.* at 1291.  The Circuit reasoned that the moratorium was

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to the close of business on September 30, 1981.

legislative because it was generally applicable and prospective in nature.  *Id.* at 1294.

Importantly, the Circuit noted that the real estate developer did not seek a hearing at

which the Miami-Dade county manager would make a factual determination.  *Id.* at 1297.

_____Here, Plaintiffs argue that they had a property right in installing a wastewater

system themselves because they interpret section 34-21A-10 as exempting Plaintiffs from

AOWB's licensing requirements.  Plaintiffs further contend that Defendants' actions

prohibiting them from installing wastewater systems themselves denied them due process.

Section 34-21A-10 is generally applicable and prospective in nature.  In addition, the

Court notes that Plaintiffs did not seek a hearing at which AOWB would make a factual

determination whether Plaintiffs fit into section 34-21A-10's exemption provision.

Plaintiffs instead sought injunctive and declaratory relief.  Therefore, the Court classifies

AOWB's application of section 34-21A-10 to Plaintiffs' property as a legislative act and

finds that Plaintiffs are not entitled to additional due process.  Consequently, Plaintiffs

cannot establish that their interest in installing wastewater systems constitutes a sufficient

property interest to give rise to a due process claim.[6]   _____

_____

[6] Plaintiffs cite *Roth v. Board of Regents*, 408 U.S. 564 (1972), for the proposition that
they have a property interest in self-installing a wastewater system on their property.  In *Roth*, the
United States Supreme Court considered whether a university deprived an untenured professor of
a property interest when it refused to renew his employment contract.  *Id.* at 576.  The Supreme
Court held that the untenured professor did not have a protected property interest because his
interest was not based upon "a legitimate claim of entitlement."  *Id.* at 577.  Here, Plaintiffs argue
that Defendants' refusal to exempt them from a license requirement was a deprivation of their
property because they expected the statutory exemption to apply to them.  (Doc. #16, pg. 7.)  The
Court disagrees.  Plaintiffs' expectation that section 34-21A-10 would apply to them is based
solely on their interpretation of the provision.  As a result, Plaintiffs did not have a "legitimate

11

## B. Abstention

The foregoing analysis constitutes adequate grounds on which to grant the motions to dismiss all of Plaintiffs' claims.  In addition to arguing failure to state a claim as a ground for dismissal, Defendants argue that this action must be dismissed under the *Pullman* abstention doctrine.  The Court agrees.  In *Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000) (en banc), the Eleventh Circuit described its approach to Pullman abstention:

> Under the Pullman abstention doctrine, a federal court will defer to state court resolution of underlying issues of state law. Two elements must be met for Pullman abstention to apply: (1) the case must present an unsettled question of state law, and (2) the question of state law must be dispositive of the case or would materially alter the constitutional question presented. The purpose of Pullman abstention is to avoid unnecessary friction in federal-state functions, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. Because abstention is discretionary, it is only appropriate when the question of state law can be fairly interpreted to avoid adjudication of the constitutional question.  *Id.*

First, the Court must consider whether a case meets the two requirements of Pullman abstention.  *Pittman v. Cole*, 267 F.3d 1269, 1288 (11th Cir. 2001).  Second, the Court should "take into account the nature of the controversy and the importance of the right allegedly impaired" in determining whether to abstain.  *Siegel*, 234 F.3d at 1174 (finding that abstention was less appropriate in context of voting rights).  For example,

---

claim of entitlement" that they would be exempted from Defendants' license requirements and did not have a property interest subject to due process protections.

"[a]bstention is to be invoked particularly sparingly in actions involving alleged deprivations of First Amendment rights." *Pittman*, 267 F.3d at 1287 (citing *Cate v. Oldham*, 707 F.2d 1176, 1184 (11th Cir. 1983)).  In sum, "[i]f the germane state law questions are novel or unsettled, principles of federalism counsel in favor of allowing state courts, instead of federal courts, to interpret and define state law before the federal courts subject the state law to federal constitutional scrutiny." *Id.* at 1287 (citing *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 149 (2d Cir. 2001)).  That goal may be accomplished through Pullman abstention.  *Id.*

Here, the Court finds that Pullman abstention applies because this case presents an unsettled question of state law and that question of state law is dispositive to the case. The Alabama law is unsettled because no Alabama court has interpreted section 34-21A-10.  Further, the text of section 34-21A-10 is unclear.  Plaintiffs interpret section 34-21A-10 as an exemption from AOWB licensing requirements for property owners installing wastewater systems on their property for any use.  In contrast, Defendants interpret section 34-21A-10 as an exemption from AOWB requirements only when a property owner is installing a wastewater system on their primary residence.  The statute's meaning is dispositive to Plaintiffs' claims because Plaintiffs' claims would be resolved if a court interpreted section 34-21A-10 as Plaintiffs interpret it.  Therefore, this case meets the two requirements of Pullman abstention.  Further, the Court recognizes that the nature of this case and the importance of the right allegedly impaired favor abstention.  This case

asks the Court to interpret a state statute and involves a right to install wastewater systems free of state licensing requirements.[7]  Abstention in this case would allow the state court to resolve state law issues that could moot the need for further proceedings in the federal case.  The Court has already found that Plaintiffs' claims do not state a due process violation and must be dismissed.  On alternative grounds, this Court finds this action must be dismissed under the Pullman abstention doctrine.

### C.  Claims Pursuant to State Law

In addition to Plaintiffs' claims pursuant to 42 U.S.C. § 1983, Plaintiffs allege claims pursuant to Alabama law.[8]  This Court has supplemental subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  The statutory provision addressing supplemental jurisdiction provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Thus, Section 1367(a) provides a basis for this Court to exercise

---

[7]Plaintiffs do not allege that Defendants are prohibiting them from installing wastewater systems on their property.  Instead, Plaintiffs allege that Defendants are prohibiting them from installing wastewater systems on their property *themselves*.

[8]In the Complaint filed on June 5, 2008, Plaintiffs argue that this Court has supplemental jurisdiction over their state law claims.  (Doc. #1 pg. 5.)  Notably, the Court could not identify any state law claim in the Complaint.  Out of an abundance of caution, however, this Court will now address whether to exercise supplemental jurisdiction over such claims to the extent they actually exist.

jurisdiction over Plaintiffs' claims pursuant to Alabama law because it has jurisdiction over their claim pursuant to 42 U.S.C. § 1983.  However, the requirement contained in § 1367(a) that this Court exercise its supplemental jurisdiction over Plaintiffs' state law claims is subject to certain enumerated instances in which it is appropriate for a federal court to decline to exercise its supplemental jurisdiction over a case.  Those circumstances are set forth in Section 1367(c), which provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The Court finds that the federal claims over which this Court had original jurisdiction have now been resolved against Plaintiffs.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims pursuant to Alabama law.   All of Plaintiffs' claims pursuant to Alabama law, to the extent any have been stated, will accordingly be DISMISSED WITHOUT PREJUDICE.  This dismissal should not work to Plaintiffs' disadvantage should they elect to bring suit in state court because the period of limitations for any of these claims is tolled during the pendency of this action.  *See* 28 U.S.C. § 1367(d).

15

## V. CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss are GRANTED and Plaintiffs' federal claims are DISMISSED WITH PREJUDICE.  All of Plaintiffs' claims pursuant to Alabama law are DISMISSED WITHOUT PREJUDICE.  An appropriate judgment will be entered.

DONE this the 13th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE